UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:09-cr-144 |
| | ) | COLLIER/CARTER |
| WATKINS STREET PROJECT, LLC, et al. | ) | |

REPORT AND RECOMMENDATION

Defendants Donald Fillers and the Watkins Street Project, LLC, have filed a Third Motion to Supplement the Suppression Hearing Evidence. [Doc. 223]. Because I conclude the proposed evidence is not relevant to the issues presented in the suppression hearing, it is RECOMMENDED defendants' third motion to supplement be DENIED.

Defendants are charged with violations of various federal laws relating to improper disposal of a hazardous substance, asbestos. On May 20, 2010, the undersigned held an evidentiary hearing on the defendants' motion to suppress. Defendants sought to suppress three samples of debris collected from a demolition site owned by defendants and located at Watkins Street and 18th Street in Chattanooga, Tennessee. The samples were collected by John Schultz, an investigator for the Air Pollution Control Board of Hamilton County, Tennessee (APCB) and by Kathy Jones, asbestos program coordinator for the APCB, on September 9, 2005. Two of the samples tested positive for asbestos. The issue before the undersigned during that suppression hearing was whether defendants had a subjective and/or objective expectation of privacy in the Watkins Street Property and whether the samples themselves were seized lawfully pursuant to the plain view doctrine. Based on the evidence presented at the suppression hearing, I concluded that the defendants had neither a subjective nor an objective expectation of privacy in the

Watkins Street Property and that the samples were lawfully collected pursuant to the plain view doctrine.

Defendants now seek to supplement the record with certain documents provided to them by the government on November 18, 2010 after the undersigned entered the Report and Recommendation on defendants' motion to suppress. The documents constitute a series of e-mails between Kathy Jones at the APCB and officials with the Chattanooga Housing Authority (CHA) and Kathy Jones and Michael Gray who owns a private asbestos abatement company. The earliest e-mail is dated July 15, 2010 and the latest e-mail is dated July 17, 2010. There is also a report prepared by Special Agent Robin B. Hedden of the U.S. Environmental Protection Agency, Criminal Investigation Division, dated October 15, 2010.

The e-mails concern a project undertaken by the CHA to demolish a building known as the Fairmont Building. There is also some mention of another CHA housing project, the Mary Walker Towers. It is apparent from the e-mails that Kathy Jones disagreed with CHA and its consultant, Michael Gray, on whether asbestos abatement was necessary before demolition of the Fairmont Building. Jones questioned whether CHA might be using Michael Gray to "lab shop" in order to obtain better findings about asbestos in the building at issue, a comment to which Mr. Gray took great umbrage. It was eventually determined that asbestos abatement was not necessary and the building was demolished without it. The report prepared by Special Agent Hedden is nothing more than a summary of the July 2010 disagreement between Jones and CHA and Michael Gray. She made no findings of wrongdoing on the part of anyone. She did note that the architect working on the project said there was 5% asbestos at the job site.

Defendants suggest that this discovery evinces a bias against Michael Gray and therefore

against the defendants. Defendants request the discovery be made part of the record and that the suppression hearing be reconvened to allow defendants to examine Kathy Jones regarding these documents.

The samples that defendants wish to have suppressed were collected almost five years before the e-mails at issue in this motion were exchanged. The projects discussed in the e-mails have nothing to do with the Watkins Street Property, and the e-mails evince no bias on the part of Kathy Jones against defendants. The e-mails do evince a conflict between Kathy Jones and Michael Gray, and Michael Gray was a witness at the suppression hearing. However, his testimony at the suppression hearing was of no consequence to the issues before the undersigned at that time. The undersigned's entire reference to Michael Gray in the Report and Recommendation on defendants' motion to suppress, except for stating he was one of the witnesses, consists of the following: "Michael Gray is an environmental consultant and has been in the environmental industry for 23 years. He conducted the asbestos survey for the Watkins Street Project, and he gave the survey to Gary Fillers in 2004." (Report and Recommendation at p. 10, Doc. 219). Defendants assert that somehow any bias against Michael Gray is important because the Court found Kathy Jones' testimony credible that she did not receive Michael Gray's asbestos survey of the buildings on the Watkins Street Property before the buildings were demolished. Defendants did not explain during the suppression hearing nor have they explained now how this survey is relevant to their motion to suppress – nor do I find it relevant. Kathy Jones knew well before September 9, 2005 that the buildings on the Watkins Street Property contained asbestos and that abatement would have to occur. Whether Jones did or did not receive the survey has no bearing on what Schultz and Jones saw and reasonably concluded from

what they saw on the Watkins Street Property on September 8-9, 2005.

Finally, defendants argue that if Jones could be wrong about the need for asbestos abatement in 2010, then she could be wrong about whether the samples she collected in 2005 contained asbestos. In 2010 there was a disagreement between Jones and Gray as to whether there was enough asbestos in a building to require abatement. Gray eventually prevailed. Notwithstanding the 2010 events, Jones and Schultz testified at the suppression hearing that they had received training concerning asbestos and that they were taught the building substance most likely to contain asbestos was pipe insulation. Jones knew the building on the Watkins Street Property contained asbestos and abatement was required. As previously discussed in the Report and Recommendation entered on the defendants' motion to suppress, the plain view doctrine does not require absolute certainty when determining the incriminating nature of an item. The plain view doctrine requires only that the officer have probable cause to believe the item is evidence of a crime, and probable cause merely requires that the facts available to the officer warrant a man of reasonable caution in the belief that certain items *may* be useful as evidence of a crime. (*See* Report and Recommendation at 26, Doc. 219). A disagreement as to the need for asbestos abatement in a building in 2010 is not relevant to Jones (and Schultz's) determination in 2005 that they had probable cause to believe the pipe wrap they saw in plain view on September 9, 2005 contained asbestos.

For the reasons stated herein, it is RECOMMENDED defendants' third motion to supplement evidence be DENIED.[1]

s/William B. Mitchell Carter
UNITED STATES MAGISTRATE JUDGE

[1]Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 59(b)(2) of the Federal Rules of Criminal Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).